UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 5:25-cv-01262-MCS-AS | Date July 21, 2025 |
| Title *Ramos v. Wal-Mart Associates, Inc.* | |

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER RE: MOTION TO REMAND (ECF NO. 10)

Plaintiff Gabriela Ramos filed a motion to remand this action to the Riverside County Superior Court from which it was removed. (Mot., ECF No. 10.) Defendant Wal-Mart Associates, Inc., opposed, (Opp'n, ECF No. 15), and Plaintiff replied, (Reply, ECF No. 16). The Court deems the motion appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

I.   **BACKGROUND**

According to the complaint, Defendant employed Plaintiff between 2023 and 2024. (Compl. ¶¶ 10–21, ECF No. 1-1.) While employed, Plaintiff became pregnant and requested intermittent medical leave, as well as various forms of accommodation. (*Id.* ¶¶ 12–17.) Plaintiff claims Defendant failed to accommodate her requests, and then informed her she was terminated "due to her attendance issues tied to time off requested and taken for her pregnancy and pregnancy disability." (*Id.* ¶¶ 17, 20.) This left Plaintiff "embarrassed, ashamed, emotionally broken and in financial desperation." (*Id.* ¶ 21.) On this basis, Plaintiff asserts six claims for violation of California's Fair Employment and Housing Act, (*id.* ¶¶ 22–89), five claims for violation of California's Pregnancy Disability Leave Law, (*id.* ¶¶ 90–146), and one claim for wrongful termination in violation of public policy, (*id.*

¶¶ 147–58). Plaintiff seeks compensatory damages, punitive damages, injunctive relief, declaratory relief, attorneys' fees, pre- and postjudgment interest, and other appropriate relief. (*Id.*, Prayer for Relief.)

## II.    LEGAL STANDARD

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove an action to federal court if the federal court could exercise original jurisdiction over the action. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction," and "[t]he defendant bears the burden of establishing that removal is proper." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). If a defendant fails to meet its burden of establishing subject-matter jurisdiction, the suit is remanded. 28 U.S.C. § 1447(c).

To invoke diversity jurisdiction, a party must demonstrate that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). "Where it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the removing defendant must establish by a preponderance of the evidence that the amount in controversy "more likely than not" exceeds $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (internal quotation marks omitted). In this inquiry, court may consider "facts presented in the removal petition as well as any summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (internal quotation marks omitted).

## III.    DISCUSSION

The amount in controversy is not clear from the face of the complaint. Therefore, Defendant must show by a preponderance of the evidence that the amount in controversy exceeds $75,000. In its notice of removal, Defendant contended that Plaintiff's requests for lost wages, emotional damages, attorneys' fees, and punitive damages combine to exceed $75,000. (Notice of Removal ¶¶ 21–35, ECF No. 1.)[1]

---

[1] Due to a numbering error, the notice of removal contains two sets of paragraphs numbered 21–23. The Court's citations in this Order refer to the second set.

Plaintiff disputes Defendant's calculations. (*See* Mot. 4–9.) For the reasons below, the Court concludes that Defendant has met its burden in establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000.

### A.    Economic Damages

Defendant estimates Plaintiff's lost wages to exceed $70,000. (Notice of Removal ¶ 23.) Plaintiff responds that Defendant's calculation is flawed because it considers lost wages incurred after removal and fails to consider Plaintiff's potential mitigation of damages. (Mot. 4–5.) Both arguments are deficient.

As here, a plaintiff may seek back pay and front pay as compensatory damages in connection with a FEHA claim. *See Olvera v. Quest Diagnostics*, No. 2:19-cv-06157-RGK-(SK), 2019 U.S. Dist. LEXIS 207496, at *5 (C.D. Cal. Dec. 2, 2019) (citing *Andrade v. Arby's Rest. Grp. Inc.*, 225 F. Supp. 3d 1115, 1139–40 (N.D. Cal. 2016); (*see also* Compl., Prayer for Relief). For the purposes of calculating the amount in controversy on a FEHA claim, back pay is calculated as lost wages between the date of termination up until the date of removal; front pay is calculated as lost wages between the date of removal and trial. *See id.* Contrary to Plaintiff's contention, front pay representing wages lost after the date of removal factors into the amount in controversy. The Ninth Circuit has clearly articulated that "the amount in controversy is not limited to damages incurred prior to removal," but instead "encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414–15 (9th Cir. 2018).[2] Therefore, it is wholly appropriate for a Defendant to include both lost wages as well as future lost wages up to the date of trial when calculating the amount in controversy. *See Zambrano v. Rite Aid Corp.*, No. CV 18-9227-MWG (JEMx), 2019 U.S. Dist. LEXIS 57644, at *8 (C.D. Cal. Apr. 3, 2019) (interpreting *Chavez* and concluding "there is no question that future wages are 'at stake' in the litigation" (internal quotation marks omitted)).

While the Court considers both back pay and front pay in assessing economic loss, it rejects Defendant's estimate that future lost wages should be projected out to 26.2 months from removal. (Notice of Removal ¶ 23 n.2.) Instead, as here, "[w]here

---

[2] Defendant directs Plaintiff to *Chavez* in its opposition, yet Plaintiff fails to engage with the case in her reply and instead continues to rely on cases that predate the Ninth Circuit's clarifying instruction in *Chavez*. (*See* Reply 3–4.) The Court reminds counsel not to take frivolous positions in motion practice. Fed. R. Civ. P. 11(b)(2).

a trial date is not yet set, courts have found one year from the date of removal to be a conservative trial estimate in employment cases." *Meastas v. Quest Diagnostics, Inc.*, No. 5:24-cv-00779-MCS-SHK, 2024 U.S. Dist. LEXIS 126996, at *5 n.1 (C.D. Cal. July 17, 2024) (Scarsi, J.) (internal quotation marks omitted). As a result, the Court calculates Plaintiff's future lost wages as spanning from May 2025, the month of removal, to May 2026. At the time of termination, Defendant paid Plaintiff biweekly at an hourly rate of $19.38, resulting in gross pay of approximately $1,250 per pay period. (Notice of Removal ¶ 21; Mackie Decl. Ex. C, ECF No. 3-3.) Estimating 26 pay periods over a 12-month span, Plaintiff would have earned approximately $32,500 during that window. Adding this to the $14,375 in lost wages Plaintiff incurred up to the time of removal, (Notice of Removal ¶ 22 & n.1), the total value of economic loss is conservatively $46,875.

The Court declines to include Plaintiff's potential mitigation of damages in assessing the amount in controversy. (Mot. 4.) This Court has previously assessed district courts' "disagree[ment]" on the issue of whether to consider mitigation in the damages calculation and concluded that it "finds more persuasive the line of authority declining to consider mitigation in evaluating the amount in controversy for lost wages." *Leon-Calderon v. Old Dominion Freight Line, Inc.*, No. No 2:22-cv-08930-MCS-KS, 2023 U.S. Dist. LEXIS 23234, at *8 (C.D. Cal. Feb. 10, 2023) (Scarsi, J.).

### B.    Emotional Damages

Defendant estimates emotional damages, "at minimum," exceed $35,000, as alleged in Plaintiff's complaint. (Notice of Removal ¶¶ 25–29.) Plaintiff sidesteps Defendant's argument, seemingly ignores her own allegations, and concludes that Defendant's calculation is based on "pure speculation." (Mot. 5–7.) However, Plaintiff repeatedly alleges that she suffered "great mental pain and suffering, in an amount in excess of [the state court's] minimal jurisdiction" for unlimited civil cases, which is $35,000. (Compl. ¶¶ 29, 40, 51, 63, 75, 86, 98, 110, 122, 133, 143, 155); *see* Cal. Civ. Proc. Code §§ 85(a), 88. Plaintiff fails to explain why the Court should not find these allegations sufficient to establish that she seeks emotional damages of at least $35,000.

Because Defendant has established economic losses of $46,875, and emotional damages of at least $35,000, the Court finds that the amount in controversy is exceeded, and therefore declines to reach Plaintiff's arguments regarding attorneys' fees or punitive damages.

## IV.   CONCLUSION

The Court has jurisdiction over this action. The motion to remand is denied.

**IT IS SO ORDERED.**